IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARRICCO A. SYKES, | : | 1:13-cv-669 |
| Plaintiff, | : | Hon. John E. Jones III |
| v. | : | |
| WARDEN THOMAS, *et al.*, | : | |
| Defendants. | : | |

## **MEMORANDUM**

### **February 4, 2014**

**I.     Statement of Facts and of the Case**

This case is a *pro se* civil rights action filed by the plaintiff on March 13, 2013. (Doc 1.). On June 24, 2013, the court entered an order dismissing this *pro se* complaint without prejudice, but providing the plaintiff with an opportunity to amend his complaint, provided that he acted within 30 days. (Doc. 7.) Following the entry of this order Sykes has taken no action to comply with the Court's June 24, 2013 Order, and the deadline for compliance with that Order has now passed.

On these facts, where Sykes is not in compliance with court orders; and Sykes' complaint was previously dismissed for failure to state a claim, we recommend that the case be dismissed and closed.

## II. Discussion

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: " If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals

has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delay in this case are entirely attributable to the Plaintiff, who has failed to abide by court orders. Similarly, the second Poulis factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. The Plaintiff's failure to file an amended pleadings clearly impedes any adjudication or resolution of this action. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third <u>Poulis</u> factor-the history of dilatoriness on the plaintiff's part–it is obvious this factors weighs against Plaintiff, for it is Plaintiff's dilatoriness in filing, and indeed his failure to file an amended pleading that has prevented this case from proceeding further.

The fourth <u>Poulis</u> factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff. At this juncture, when the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take specific actions in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While <u>Poulis</u> also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing <u>Poulis</u> agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. <u>See, e.g., Briscoe v. Klaus</u>, 538 F.3d 252, 262-63 (3d Cir. 2008); <u>Emerson</u>, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our June 24, 2013 Order, and counseling the plaintiff on his obligations in this

case, we have endeavored to use lesser sanctions, but to no avail. Sykes has declined to obey court orders, and has otherwise ignored his responsibilities as a litigant. Since we have granted Plaintiff the opportunity to amend his pleading, but he has failed to do so, only the sanction of dismissal remains available to the Court.

Finally, under <u>Poulis</u> we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, consideration of this factor cannot save this case from dismissal. Indeed, this Court has already concluded that the plaintiff failed to state a valid cause of action, but permitted him one last opportunity to amend his pleadings, which he has now forfeited by failing to abide by the deadline given to her by the Court. Therefore, in this case all of the <u>Poulis</u> factors call for dismissal of this case. An appropriate Order shall issue.